# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-02374-E |
| | § | |
| BRAUM'S INC., et al, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant, Braum's, Inc.'s ("Braum's") Motion for Summary Judgment. (ECF No. 26). Plaintiff, Anthony Gutierrez ("Gutierrez") filed his response. (ECF No. 30). The Court has carefully considered the Motion, the Response, the supporting exhibits, applicable law, and any relevant portions of the record and concludes the Motion for Summary Judgment should be **GRANTED** and hereby **dismisses** this case.

### I.  BACKGROUND

**A.  Origins of the Dispute**

This case arises out of a slip-and-fall incident that occurred at a Braum's ice cream store in Grand Prairie, Texas. (ECF No. 1-11 at 3). Prior to the incident, Braum's had placed a single "yellow wet floor sign" next to the drink machine. (ECF No. 28 at 20-21). Gutierrez (i) entered the ice cream store, (ii) ordered his food, (iii) approached the soft drink and coffee dispensers, and (iv) sat down at a table facing the soft drink machine. (ECF No. 28 at 17-18). During the relevant time, a Braum's employee mopped in the immediate vicinity of the soda machine with a "bright yellow mop bucket" because of an alleged leak from the soda machine. (ECF No. 28 at 25-26).

The Braum's employee placed a second yellow wet floor sign between where Gutierrez was sitting and the soda machine. (ECF No. 28 at 19). At all relevant times, Gutierrez had a direct line of sight to the employee mopping the wet area. (ECF No. 28 at 70). After the Braum's employee finished mopping, Gutierrez walked towards the soda machine and slipped and fell (i) immediately next to one wet floor sign and (ii) within arms' reach of the other wet floor sign. (ECF No. 28 at 47, 70).

### B. Procedural History

Gutierrez originally filed this lawsuit on September 22, 2022, in state court in Dallas County, Texas. (ECF No. 1-9). He subsequently filed his First Amended Petition in state court, asserting a claim of premises liabilty. (ECF No. 1-11). Braum's timely removed to federal court on October 21, 2022. (ECF No. 1). The parties submitted their Joint Pretrial Order which contains a "statement of stipulated facts." (ECF No. 18). On August 14, 2024, Braum's filed its motion for summary judgment."[1] (ECF Nos. 26; 27; 28) Gutierrez responded. (ECF Nos. 30; 31; 32). On October 3, 2024, the Court stayed all proceedings in this case pending a ruling on Braum's Motion for Summary Judgment. (ECF No. 33).

## II.    LEGAL STANDARDS

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

---

[1] Gutierrez's First Amended Petition also pleads respondeat superior, stating "[a]t all relevant times, Defendant's negligent employees were acting in the scope of their employment with Defendants. Therefore, under the principle of respondeat superior, the masters are liable for their servant's torts." (ECF No. 1-11 at 6). "Under the common-law doctrine of respondeat superior, or vicarious liability, 'liability for one person's fault may be imputed to another who is himself entirely without fault solely because of the relationship between them.'" *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). The employer-employee relationship triggers this common-law doctrine; "an employer is vicariously liable for its employee's *negligent* acts if those acts are within the course and scope of [their] employment." *Painter*, 561 S.W.3d at 130 (emphasis added). Here, the Court grants summary judgment on the sole claim of premises liability against Braum's and therefore, to the extent the parties have briefed respondeat superior, it is foreclosed.

A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The moving party bears the initial burden of showing the court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When, as here, a nonmovant bears the burden of proof at trial, the movant may demonstrate it is entitled to summary judgment either by (i) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (ii) arguing there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25. There is "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Once the movant has made this showing, the burden shifts to the nonmovant to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Celotex*, 477 U.S. at 324. "[C]onclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). A court "resolve[s] factual controversies in favor of a nonmoving party ... only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

"A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136

F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Ragas*, 136 F.3d at 485 (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

### III.   ANALYSIS

#### A. Premises Liability

An invitee[2] asserting a premises liability claim must prove: **(**i**)** a condition on the premises posed an unreasonable risk of harm; **(**ii**)** the owner knew or reasonably should have known of the danger; **(**iii**)** the defendant breached its duty of ordinary care by (a) failing to adequately warn the plaintiff of the condition or (b) failing to make the condition reasonably safe; and **(**iv**)** the defendant's breach proximately caused the plaintiff's injury. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015); *Fort Brown Villas III Condominium Ass'n Inc. v. Gillenwaler*, 285 S.W.3d 879, 883 (Tex. 2009); *see e.g.*, *McCarty v. Hillstone Rest. Group, Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (discussing the same elements). In exercising ordinary care, a landowner generally has "a duty to warn or make safe, but not both." *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996). Whether a warning is adequate turns on what is "reasonably prudent under the circumstances." *King v. Kroger Texas L.P.*, No. 3:14-CV-2905-D, 2015 WL 1823042, at *2 (N.D. Tex. Apr. 22, 2015) (quoting *Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 518 (Tex. App.—Beaumont 2014, no pet.)). "To be adequate, a warning must be more than a general instruction such as 'be careful.'" *Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014). A warning is adequate if it warns of the particular condition the invitee faces. *King*, 2015 WL 1823042 at *2; *Judd v. Braum's, Inc.*, No. 3:14-CV-2516, 2015 WL 11019133, at *2 (N.D. Tex. July 15, 2015). "If the

---

[2] It is undisputed that Guttierez was an invitee when he fell in the Braum's store.

evidence conclusively establishe[s] that the owner adequately warned the plaintiff of the condition, the owner cannot be found negligent as a matter of law." *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.) (citing *State*, 940 S.W.2d at 584).

Braum's asserts it is entitled to summary judgment because it has either (i) a duty to warn against, *or* (ii) a duty to make safe a dangerous condition, but not both. (ECF No. 27 at 20). Further, Braum's argues that the two yellow warning cones were sufficient to warn of the condition— a wet floor. (ECF No. 27 at 37) The signs were "brightly colored yellow" and were placed in a manner that made them clearly visible to a passerby. (ECF No. 27 at 14). Gutierrez argues a fact issue exists regarding the adequacy of these warnings—that he did not see the signs, and that even if he did, Braum's "wet floor signs were not sufficient to warn of the degree of risk posed by the wet floor." (ECF No. 31 at 4).

Braum's refers this Court to the Fifth Circuit's opinion in *Johnson v. Kroger Company*, in which the plaintiff slipped and fell in an area made wet from a leaking cooler. 841 Fed. App'x 688, 689 (5th Cir. 2021). In *Johnson*, Kroger had placed two yellow warning cones on the floor next to the leaking cooler prior to Johnson's fall but had taken no further steps to clear the floor of the water. 841 Fed. App'x at 688. The *Kroger* plaintiff argued that (i) the cones were not an adequate warning and (ii) Kroger had failed to clear the area of the water. *Johnson*, 841 Fed. App'x at 690. The Fifth Circuit rejected that plaintiff's argument:

> Johnson fell right next to the cones. […] There is no authority for Johnson's assertions that Kroger had to also provide a verbal warning of the wet floor or that a third cone or different configuration was necessary […] *While an additional verbal warning may have been beneficial, there is no requirement of such.* Likewise, although a snake or sock likely would have absorbed some or all of the water, *Kroger had no duty to simultaneously warn and take reasonable actions to make the hazard safe*. *Henkel* at 252.

*Johnson*, 841 Fed. App'x at 690 (citing *Henkel*, 441 S.W.3d at 251) (emphasis added).

Like in *Johnson*, Gutierrez argues that (i) the warning cones were insufficient and (ii) that Braum's "failed to adequately reduce or eliminate the risk of the wet (*sic*) floor." (ECF No. 31 at 8). However, it is undisputed that Braum's placed two separate "wet floor" signs in the direct vicinity of the affected area. (ECF No. 28 at 70). It is further undisputed that Gutierrez fell directly next to the wet floor sign and "into and onto the wet floor sign." (ECF No. 28 at 70). During his deposition, Gutierrez agreed that (i) the purpose of a wet floor sign is "to warn of a wet floor" and (ii) it would have been possible to see the wet floor sign from the area of the drink machine. (ECF No. 28 at 33). Gutierrez offers no evidence that the signs' warnings were too general or that the signs themselves were improperly obscured or placed in the wrong location. *Henkel,* 441 S.W.3d at 252. Gutierrez instead argues that "[e]ven if [he] witnessed the mopping and the wet floor signs, these would only be putting him on notice of the mopping that occurred." (ECF No. 31 at 7). The Court disagrees. As in *Johnson*, the Court concludes that the warnings Braum's provided by (i) placing two wet floor signs and (ii) clearing the immediate vicinity of the soda machine were adequate to warn the Gutierrez of the floor's condition—reasonably prudent under the circumstances of this case. *Johnson*, 841 Fed. App'x at 690; *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764 (Tex. 2009) (stating the adequacy of the warning turns on whether the action was "reasonably prudent under the circumstances").

Gutierrez alternatively argues that Braum's failed to adequately reduce or eliminate the risk of the wet floor. (ECF No. 31 at 8). Gutierrez seeks to place additional requirements on Braum's to simultaneously warn and take reasonable actions to make a hazard safe, which the Fifth Circuit has rejected. *See Johnson*, 841 Fed. App'x at 690. In the context of a slip and fall case, parties have "no duty to simultaneously warn and take reasonable actions to make the hazard safe." *Johnson*, 841 Fed. App'x at 690. Because this Court determines Braum's adequately warned

Gutierrez, his argument regarding the reduction or elimination of the risk is foreclosed. *Henkel*, 441 S.W.3d at 252; *TXI Operations*, 278 S.W.3d (explaining that the third element is negated if the property owner either adequately warned the invitee about the condition or took reasonable actions designed to make it reasonably safe); *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (if the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law). Furthermore, the Court concludes that the warnings Braum's provided by (i) placing two wet floor signs and (ii) clearing the immediate vicinity of the soda machine were adequate to make the condition of the floor in this case reasonably safe. *Johnson*, 841 Fed. App'x at 690; *see Austin*, 465 S.W.3d at 202.

No evidence in the record shows (i) Braum's failed to adequately warn Gutierrez of the condition of the floor or (ii) Braum's failed to make the condition of the floor reasonably safe. *See Austin*, 465 S.W.3d at 202. Gutierrez has not presented summary judgment evidence of the third element of his premises liability claim. *See Austin*, 465 S.W.3d at 202. Gutierrez has failed to establish a genuine issue of material fact such that a reasonable jury might return a verdict in his favor as to his claim for premises liability. *See Celotex*, 477 U.S. at 324. The Court pretermits further discussion of the premises liability claim as unnecessary, as Gutierrez's complete failure of proof concerning this essential element of his premises liability claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. Accordingly, the Court GRANTS Braum's Motion for Summary Judgment.

*(this space left intentionally blank)*

## IV. CONCLUSION

For the reasons enumerated hereabove, the Court GRANTS Braum's' Motion for Summary Judgment. (ECF No. 26). The Court shall enter a final judgment by separate filing. Fed. R. Civ. P. 54.

**SO ORDERED:** this 26th day of February, 2025.

Ada Brown
UNITED STATES DISTRICT JUDGE